IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD D. HACKETT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 03-4310 |
| | : | |
| ROBERT GILMORE, SUPERINTENDENT, et al. | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 24th day of September, 2014, upon consideration of Petitioner Richard D. Hackett's Application to Proceed *In Forma Pauperis* (Docket No. 7); Motion to Reopen Proceedings, for Leave to Proceed *In Forma Pauperis*, for Appointment of Federal Habeas Corpus Counsel, and for Substitution of Respondent (Dock No. 4); the Response of the Commonwealth of Pennsylvania (Docket No. 5); and Petitioner's Reply to the Commonwealth's Response (Docket No. 6), **IT IS HEREBY ORDERED** that the Application and Motion are **GRANTED** as follows:

Petitioner is **GRANTED** leave to proceed *in forma pauperis*.

The Capital Habeas Corpus Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania is **APPOINTED** to represent Petitioner in this proceeding, pursuant to 18 U.S.C. § 3599(a).

Robert Gilmore, Superintendent of SCI-Green, is **SUBSTITUTED** as named Respondent in this proceeding.

Petitioner is **GRANTED** leave to refile his federal habeas petition to adjudicate his claim under the holding of <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002).

_____

Petitioner was convicted of capital murder in the Philadelphia Court of Common Pleas on July 14, 1988, and his conviction was affirmed on direct appeal by the Pennsylvania Supreme Court. Commonwealth v. Hackett, 627 A.2d 719 (Pa. 1993). After exhaustion of his remedies pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9545, Petitioner filed a writ of habeas corpus in this Court on November 2, 1999. Hackett v. Price, Civ. A. No. 99-5434. We granted that Petition as to Petitioner's capital sentence, but rejected all challenges raised as to his conviction. Hackett v. Price, 212 F. Supp. 2d 382 (E.D. Pa. 2001). The United States Court of Appeals for the Third Circuit reversed that decision, and reinstated the capital sentence. Hackett v. Price, 381 F.3d 281 (3d Cir. 2004).

While his appeal was pending, Petitioner sought permission from the Court of Appeals pursuant to Section 2244(b)(3) to file a second federal habeas petition based on the then recent decision of the United States Supreme Court in Atkins v. Virginia, 536 U.S. 304 (2002) (holding that executing of a person with intellectual disabilities violates the Eighth Amendment). The Third Circuit granted that application on July 21, 2003, and Petitioner filed the second federal habeas petition shortly thereafter. Hackett v. Price, Civ. A. No. 03-4310. On November 15, 2004, at the request of Petitioner's counsel, we ordered Civ. A. No. 03-4310 dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1), so that Petitioner could exhaust his Atkins claim in state court. He later amended his PCRA petition to raise a claim pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).

Petitioner informs the Court that he has now exhausted his state court remedies, and his Atkins claim is ripe for federal habeas review. He thus requests that the Court reopen this proceeding to permit him to refile his habeas petition. The Commonwealth does not dispute that the Atkins claim has been exhausted, but argues that Petitioner must again seek permission from

the Third Circuit to pursue federal habeas relief since, his second Petition having been voluntarily dismissed without prejudice in 2004, "there is nothing to re-open." (Commonwealth's Resp. at 2.) It argues that, because the second Petition was dismissed, it must be treated as if it never existed. (Id. (citing Hull v. Kuyler, 190 F. 3d 88, 103-04 (3d Cir. 1999); Baker v. Horn, 210 F. Supp. 2d 592, 609 (E.D. Pa. 2002).) According to the Commonwealth, the Third Circuit's permission to file the original Petition, "should not be taken as open-ended approval without a deadline" because "[t]he passage of time presents changed circumstances, which must be addressed by the Court of Appeals." (Id. at 3.) We disagree.

While the requirement contained in Section 2244(b) is jurisdictional, see Burton v. Stewart, 549 U.S. 147, 149 (2007), the Commonwealth does not dispute that Petitioner has actually satisfied the jurisdictional hurdle and has received permission from the Third Circuit to pursue his Atkins claim in a second or successive habeas petition. His counsel's decision to voluntarily dismiss the second petition while state remedies were exhausted does not alter the fact that Petitioner received permission to present the claim here. The Commonwealth cites no authority for its proposition that the Third Circuit's grant of permission was in any way time limited.[1] Also, while it alludes to changed circumstances arising from the passage of time between the grant of permission and the filing of the present Motion to reinstate the dismissed petition, it fails to specify what, if any, changed circumstances nullify the grant of permission.[2]

---

[1] Notably, while Section 2244(b) requires that the Court of Appeals "grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion," that Section provides no independent time limit for a petitioner to actually file the second or successive federal habeas petition once permission has been granted. See 28 U.S.C. § 2244(b)(3)(D).

[2] The Commonwealth does not dispute that Petitioner's PCRA petition to exhaust his Atkins claim was a "properly filed application" under 28 U.S.C. § 2244(d)(2), tolling the AEDPA statute of limitations, or assert that Petitioner was dilatory in exhausting his Atkins claim in state court after the dismissal without prejudice of the federal petition.

Thus, even if we were to determine that the dismissed Petition never existed, the grant of permission to file a successive petition would still be extant. Accordingly, since Petitioner has received the required permission to pursue his Atkins claim, he may refile his federal habeas petition.[3]

                BY THE COURT:

                __S/ JOHN R. PADOVA_____
                John R. Padova

---

[3] Finally, we note that although Petitioner states in his Motion that he raised a Batson claim, and apparently exhausted that claim in state court, he does not assert that he has received the required permission from the Third Circuit to pursue that claim in a second or successive habeas petition under Section 2244(b). However, he makes no suggestion in his Motion that he intends to include that claim in the refiled federal petition.