IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HACKETT | : CIVIL ACTION |
| Petitioner, | : No. 03-CV-4310-JP |
| | : Capital Habeas Corpus |
| v. | : Hon. John R. Padova |
| | : |
| ROBERT GILMORE, Superintendent, State Correctional Institution at Greene | : |
| | : |
| Respondent. | : |

**JOINT STATUS REPORT**

Pursuant to the Court's order of February 24, 2021 (Doc. 12), the parties submit this Joint Status Report.

1. In the order of February 24, 2021, this Court asked the parties to file a joint status report, "specifically addressing if the state court litigation of the claim presented here is complete." Order of February 24, 2021 (Doc. 12). State court litigation is not complete. On February 8, 2021, Petitioner filed a post-conviction petition for relief in the Philadelphia Court of Common Pleas, seeking *inter alia* relief from his death sentence pursuant to *Moore v. Texas*, 137 S. Ct. 1039 (March 28, 2017) ("*Moore-I*") and *Moore v. Texas*, 139 S. Ct. 666 (February 19, 2019) ("*Moore-II*"). A status hearing is scheduled for April 30, 2021 before the Honorable Scott DiClaudio. A brief procedural history follows:

2. Petitioner was tried by a jury before the Honorable George J. Ivins of the Philadelphia Court of Common Pleas in July of 1988. Petitioner was convicted of first degree murder and related offenses. Following a penalty hearing, Petitioner was sentenced to death.

3. The Supreme Court of Pennsylvania the judgment of sentence. *Commonwealth v. Hackett*, 627 A.2d 719 (Pa. 1993).

4. Mr. Hackett filed a timely Post-Conviction Relief Act (PCRA) petition on January 14, 1997. The petition was denied, and the Supreme Court of Pennsylvania affirmed the denial on August 9, 1999. *Commonwealth v. Hackett*, 735 A.2d 688 (Pa. 1999).

5. Petitioner sought habeas corpus relief in the United States District Court, Eastern District of Pennsylvania. This Court granted relief, but only as to the death sentence, vacating because of a violation of *Mills v. Maryland*, 486 U.S. 367 (1988). The Commonwealth appealed to the Court of Appeals for the Third Circuit which reversed that grant of habeas corpus relief, finding *Mills* relief was unavailable because the jury found no mitigating circumstances. *Hackett v. Price*, 381 F.3d 281 (3d Cir. 2004). A petition for writ of certiorari was denied. *Hackett v. Folino*, 544 U.S. 1062 (2005).

6. While the Commonwealth's appeal was pending in the Third Circuit, the United States Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that an intellectually disabled defendant could not be executed. Petitioner submitted his Second PCRA Petition on August 15, 2002, seeking relief under *Atkins*. The PCRA court dismissed without a hearing. On October 21, 2003, the Supreme Court of Pennsylvania reversed and remanded to the lower court for further proceedings. *Commonwealth v. Hackett*, 834 A.2d 514 (Pa. 2003) (concurrent litigation in federal court does not deprive PCRA court of jurisdiction).

7. In light of *Atkins*, Petitioner filed an application under 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2254 petition. On July 2, 2003, the Third Circuit granted the application:

> The foregoing application under 28 U.S.C. § 2244 to file a second or successive 28 U.S.C. § 2254 petition is granted, as the Petitioner, Richard Hackett, has made a prima facie showing under § 2244(b )(2)(A). The District Court shall docket the petition as filed on June 19, 2003, the date on which the foregoing application was filed in this Court. The District Court shall stay proceedings on the petition until final disposition of the pending appeal in Hackett v. Price, C.A. No. 01-9008. The District Court may decide thereafter, if necessary, whether a further stay is warranted while Hackett pursues state court remedies.

*In re Richard Hackett*, C.A. No. 03-9005 (July 2, 2003); Doc. 1 (petition for habeas corpus (reflecting docketing date of July 24, 2003). The matter was placed in suspense on August 11, 2003 (Doc. 2) and dismissed without prejudice on November 15, 2004 (Doc. 3).

8. On May 3, 2004, Mr. Hackett filed a supplemental PCRA petition, seeking relief under *Batson v. Kentucky*, 476 U.S. 79 (1986), alleging that disparate results following the grant of relief to an equally situated co-defendant violated equal protection and due process. Judge Berry granted relief as to the discriminatory jury selection claim and did not rule on the *Atkins* claim. The Supreme Court of Pennsylvania reversed the grant of relief and remanded for consideration of the *Atkins* claim. *Commonwealth v. Hackett*, 956 A.2d 978, 979 (Pa. 2008).

9. The PCRA court heard testimony over the course of six days relating to Mr. Hackett's *Atkins/Miller*[1] claim. Both the Commonwealth and Mr. Hackett presented lay and expert testimony. Following the hearing, the PCRA court, crediting Petitioner's experts, made findings of fact and concluded that Mr. Hackett met the criteria for intellectual disability and resentenced Petitioner to life imprisonment. The Supreme Court of Pennsylvania, reversed, 4-3, and as

---

[1] *Commonwealth v. Miller*, 951A.2d 322 (Pa. 2008).

Petitioner had been sentenced to life imprisonment by Judge Berry, remanded to the lower court for reinstatement of the death penalty. *Commonwealth v. Hackett*, 99 A.3d 11 (Pa. 2014), App. 20.

10. On September 24, 2014, this Court appointed undersigned counsel, and granted Petitioner leave to "refile his federal habeas petition to adjudicate his claim under the holding of *Atkins v. Virginia*, 536 U.S. 304 (2002)." (Doc. 9). In the interim, Judge Berry reached mandatory retirement age and retired from the bench. The Honorable Lillian H. Ransom of the Philadelphia Court of Common Pleas was ultimately reassigned. Judge Ransom resentenced Mr. Hackett to death on September 8, 2020. On February 10, 2021, Petitioner filed his habeas corpus petition seeking *Atkins* relief.

11. On February 8, 2021, Petitioner filed a post-conviction petition for relief in the Philadelphia Court of Common Pleas, seeking *inter alia* relief from his death sentence due to intellectual disability pursuant to *Moore-I* and *Moore-II*. A status hearing is schedule for April 30, 2021 before the Honorable Scott DiClaudio.

                                                                                        Respectfully submitted,

| /s/ Laura Zipin | /s/ David Zuckerman |
|---|---|
| Laura Zipin | David Zuckerman |
| Assistant District Attorney | Aren Adjoian |
| Federal Litigation Unit | Federal Community Defender Office |
| Philadelphia District Attorney's Office | for the Eastern District of Pennsylvania |
| Three South Penn Square | Capital Habeas Unit |
| Philadelphia PA  19107 | Suite 545 West -- the Curtis Center |
| | 601 Walnut Street |
| | Philadelphia, PA  19106 |
| Counsel for the Commonwealth | Counsel for Petitioner Richard Hackett |

4

## CERTIFICATE OF SERVICE

I, David Zuckerman, hereby certify that on this 9th day of March, 2021, I served the foregoing upon the following person in the manner and at the location indicated below:

VIA ECF

Laura Zipin
Assistant District Attorney, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-3499

/s/ David Zuckerman
David Zuckerman